IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HOWARD LAWSON, AY-7150,  )
    Petitioner,  )
                                    )
           v.  )  2:09-cv-322
                                    )
DAVID DIGUGLIELMO, et al.,  )
    Respondents.  )

Memorandum and Order

Mitchell, M.J.:

Howard Lawson, an inmate at the State Correctional Institution at Graterford has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Lawson is presently serving a 48 month to ten year sentence imposed following his conviction, by a jury, of aggravated assault and harassment by a prisoner at No. CP-02-CR-9081-2000 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on October 1, 2002.[1] After some procedural matters were addressed, the petitioner filed a notice of appeal to the Superior Court. In that Court he contended that he was entitled to relief on the following grounds:

> 1. Was the jury's failure to return a verdict of "not guilty by reason of insanity" or "guilty but mentally ill" against the weight of the evidence, and did the Trial

---

[1] See: Petition at ¶¶ 1-6.

Court err in denying appellant's post sentencing motion challeng[ing] the weight of the evidence?

2. Was the trial court's sentence of 46 months to 10 years, consecutive to the sentences he was currently serving (which gave him a maximum release date of August 6, 2021, and of which the Pennsylvania Department of Probation and Parole has indicated that appellant will serve every single day), in the aggravated range of the Sentencing Guidelines, clearly excessive since it was based upon appellant's prior crimes, which had already been factored into his prior record score?[2]

On December 30, 2003, the Superior Court affirmed the judgment of sentence.[3] Allocatur was denied by the Pennsylvania Supreme Court on May 25, 2004.[4]

On November 23, 2004, Lawson filed a post-conviction petition, which was originally dismissed on March 19, 2007 and upon review again dismissed on October 4, 2007.[5] Lawson then filed a pro se appeal to the Superior Court in which the issues raised were:

1. Whether court erred as a matter of law dismissing petition on premise that appellant had failed to resubmit his petition and is time-barred.

2. Whether the complaint was not signed by District Attorney and therefore it was not a true information and the court did not have jurisdiction to proceed.

3. Was trial counsel ineffective for failure to raise at trial and at post sentencing hearing that the affidavit of probable cause was not signed by either affiant or issuing authority and therefore his arrest and trial were constitutionally and statutorily impermissible.[6]

---

[2] See: Exhibit 19 to the Answer of the Commonwealth.

[3] See: Exhibit 21 to the Answer of the Commonwealth.

[4] See: Exhibit 24 to the Answer of the Commonwealth.

[5] See: Exhibits 25, 31, 35 and 36 to the Answer of the Commonwealth.

[6] See: Exhibit 42 to the Answer of the Commonwealth.

On September 16, 2008, the Superior Court affirmed the denial of post-conviction relief.[7]

The instant petition was executed on December 19, 2008, and in it, Lawson contends he is entitled to relief on the following issues:

> 1. Trial counsel was ineffective for failure to raise at trial and at [the] post-sentencing hearing that the affidavit of probable cause was not signed by either [the] affiant or issuing authority and therefore [petitioner's] arrest and trial were constitutionally and statutorily impermissible.
>
> 2. The complaint was not signed by District Attorney and therefore it was not a true information and the court did not have jurisdiction to proceed.

The background to the petitioner's conviction is set forth in the December 30, 2003 Memorandum of the Superior Court:

> On April 26, 2000, appellant was an inmate in the Long Term Segregated Unit ("LTSU") at the State Correctional Institution ("S.C.I.") at Pittsburgh. The LTSU is a super-maximum security unit where inmates are in lockdown for twenty-three hours per day. After appellant flooded his cell, Corrections Officers attempted to remove him from his cell in order to clean it. During this process appellant spit in the face of Lieutenant Anthony Bovo, then "head butted" the officer. Lieutenant Bovo suffered lacerations to his head and required treatment and repeated testing due to his exposure to appellant's saliva. As a result of the incident appellant was charged with aggravated assault and aggravated harassment by prisoner.[8]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that

---

[7] See: Exhibit 45 to the Answer of the Commonwealth.

[8] See: Exhibit 21 to the Answer of the Commonwealth at pp. 1-2.

before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a

4

federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In its response to the petition, the Commonwealth concedes that the petitioner has both filed a timely petition here and that he has exhausted the available state court remedies on the issues he seeks to raise.[9]

The first issue which Lawson contends entitles him to relief is his claim that trial counsel was ineffective for failing raise the lack of a signature on the affidavit of probable cause. The second issue which he seeks to raise is that the criminal complaint was not signed by the District Attorney. These issues will be jointly addressed.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the petitioner must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires

---

[9] See: Brief of the Commonwealth at pp. 15 and 20.

showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987), cert. denied, 484 U.S. 863 (1987). As a result, if a petitioner fails on either prong, he loses. Holladay v. Haley, 209 F.3d 1243, 1248 (11th 2000) ("Because both parts of the test must be satisfied in order to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.")(citation omitted); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) ("This court may address the performance and prejudice components in any order, but need not address both if Mr. Foster fails to make a sufficient showing of one.")

We initially note that the requirements for criminal filings are matters of state substantive law and not of Constitutional dimension, and as such not appropriately raised in a federal habeas proceeding. Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir.1997). In reviewing these issues, the Pennsylvania Superior Court on post-conviction review determined that the documents comported with state substantive law.[10] Thus, his claim does not provide a basis for relief.

However, even if this was not dispositive of the petition, we note that Pa.R.Crim.P. 504 specifically sets forth the requirements for the filing of a criminal complaint and only requires in

---

[10] See: Exhibit 45 to the Answer of the Commonwealth at pp.12-13.

subsection 11 that the document be signed by the affiant. There is no requirement that it be signed by the District Attorney. The Criminal Complaint at issue was signed by Trooper Buczec and approved by a District Justice and the appended affidavit of probable cause was executed by the Trooper and the District Justice.[11] Thus, the petitioner's allegations are meritless. For this reason counsel cannot be deemed to have been ineffective since counsel is not deficient for failing to raise meritless issues.

Thus, because there petitioner has failed to demonstrate that his conviction was secured in violation of clearly established federal law or the application thereof, as determined by the United States Supreme Court, there are no bases for granting relief here. Accordingly, the petition of Howard Lawson for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[11] See: Exhibit 46 to the answer of the Commonwealth.

ORDER

AND NOW, this 14th day of April, 2007, for the reasons set forth in the foregoing Memorandum, the petition of Howard Lawson for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell<br>
United States Magistrate Judge